UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80415-Cannon/McCabe

VLADIMIR V. GIL,

Plaintiff,

v.

TOBIN REYES, PLLC,

Defendant.
_____________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss with Prejudice, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 38, DE 40). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** to the extent that Plaintiff's Second Amended Complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Given that Plaintiff has had multiple opportunities to amend in the past, he should not be given further leave to amend.

## I. BACKGROUND

This is a pro se case involving a dispute over the collection of legal fees. The Court accepts the following facts as true, taken from Plaintiff's Second Amended Complaint ("SAC"). (DE 31). Between 2022 and 2024, Defendant, a law firm, rendered legal services to Plaintiff, a client, in connection with two lawsuits. (DE 31-1 at 2, second whereas clause). Plaintiff incurred unpaid legal fees of $85,883.10 in connection with this representation. (DE 31-1 at 2, third whereas clause). In 2024, Defendant sued Plaintiff in Florida state court to recover these unpaid legal fees. (DE 31-1 at 2, fourth whereas clause).

On April 11, 2025, the parties entered into a settlement agreement to resolve the fee dispute, a copy of which Plaintiff attached as an exhibit to the SAC. (DE 31-1). The settlement agreement called for Plaintiff to pay $25,000 to Defendant in fifteen monthly installments. (DE 31-1 at 2). Paragraph 4 of the settlement agreement provided that, in the event Plaintiff failed to make an installment payment, Defendant would be entitled to entry of an automatic final judgment upon filing an affidavit of nonpayment, without further notice to Plaintiff. (DE 31-1 at 3). The judgment would include the outstanding legal fees, prejudgment interest, and costs of collection, less any payments made under the settlement agreement. (DE 31-1 at 3). Plaintiff agreed to waive all defenses, apart from payment, to entry of judgment. (DE 31-1 at 3). Paragraph 9 also provided that the parties waived trial by jury on claims arising from or seeking to enforce the settlement agreement. (DE 31-1 at 3-4).

Thereafter, on September 26, 2025, the state court entered a final judgment against Plaintiff in favor of Defendant. (DE 31 ¶ 10). Plaintiff alleges that Defendant obtained this judgment through constitutionally deficient notice. Specifically, Plaintiff alleges that Defendant served filings related to the judgment through the state court's e-filing portal even though Plaintiff had not consented to service in this manner. (DE 31 ¶¶ 11, 21). Plaintiff acknowledges that Defendant sent at least one email to him referencing a court filing. (DE 31 ¶ 11). He alleges he responded to the email by asking whether Defendant had sued him, but Defendant did not answer the email. (DE 31 ¶¶ 11, 21).

Regardless, Plaintiff eventually became aware of the judgment and sought relief from it by filing motions to vacate and stay enforcement of the judgment. (DE 31 ¶ 12). On February 6, 2026, the state court held a hearing on these motions and verbally denied them "for the reasons

stated on the record." (DE 31 ¶ 12). Plaintiff thereafter appealed, but the Fourth District Court of Appeal ("DCA") dismissed the appeal as untimely, with leave to re-file the appeal upon the rendition of a signed, written order in the trial court. (DE 31 ¶ 13). Plaintiff alleges that the Fourth DCA applied the wrong dates in finding his appeal to be untimely. (DE 31 ¶ 13).

Thereafter, on May 14, 2026, the state trial court entered a written order denying Plaintiff's motions to vacate the judgment and stay enforcement. (DE 31 ¶ 15). Plaintiff has attached the May 14 order as an exhibit to the SAC. (DE 31-1 at 14). The order rejected Plaintiff's arguments concerning notice, due process, the Fourteenth Amendment, and waiver of jury trial. (DE 31-1 at 14–15). Plaintiff appealed the May 14 order, but the Fourth DCA denied his request to proceed in forma pauperis and later dismissed the appeal for failure to pay the filing fee. (DE 31 ¶ 16, DE 31-1 at 31–33). Plaintiff alleges that he could not afford the filing fee and that no court has provided a reasoned adjudication of his constitutional claims. (DE 31 ¶¶ 16–17, 23).

Based on the above facts, Plaintiff filed this federal case on April 13, 2026. (DE 1). By way of the SAC, Plaintiff brings the following claims:

| **Count** | **Claim** |
|---|---|
| I | Violation of procedural due process under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 |
| II | Declaratory judgment that the settlement agreement's waivers of constitutional rights are invalid |
| III | Violation of the right to trial by jury under the Florida Constitution |

(DE 31).

By way of these claims, Plaintiff argues, among other things, that he lacked legal training and negotiated the settlement agreement without independent counsel advising him about the jury trial and notice waivers and that he did not knowingly and voluntarily waive his constitutional rights. (DE 31 ¶¶ 36–42, 45–48). He seeks a declaration that the contractual waivers are invalid and that enforcement of the judgment violates his constitutional rights. (DE 31 at 18–19 ¶¶ A–B). He also seeks an injunction to prevent Defendant from enforcing the judgment until he receives constitutionally adequate notice and a meaningful opportunity to be heard on the alleged defects. (DE 31 at 18–19).

## II. <u>STANDARD</u>

By way of this motion, the Defendant seeks dismissal of all counts of the SAC pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As to Rule 12(b)(1), Defendant argues that the case must be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (DE 38 at 5). As the Eleventh Circuit has recognized, Rule 12(b)(1) allows for two types of attacks on subject matter jurisdiction, "facial" attacks and "factual" attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). When a defendant makes a facial attack, a court must "look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529. When a defendant raises a factual attack, the parties may offer extrinsic evidence, at which point, the district court must "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (cleaned up).

As to Rule 12(b)(6), Defendant argues that, even if subject matter jurisdiction exists, the SAC nevertheless fails to state claims upon which relief can be granted. (DE 38 at 7). In evaluating

a Rule 12(b)(6) motion, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

As a general rule, courts hold pro se pleadings to a "less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Nonetheless, courts have no obligation to "re-write" a pro se complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). When it appears that no construction of the factual allegations will support the cause of action, a court should order dismissal of the complaint. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. DISCUSSION

As set forth below, the Court recommends that the SAC be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Court treats the pending motion as raising a *facial* attack on subject matter jurisdiction. Although Defendant attached several exhibits to its motion to dismiss (DE 38-1, DE 38-2), the Court has not relied on those exhibits in reaching

this decision. Instead, the Court relies solely upon the SAC and the exhibits attached to it (DE 31, DE 31-1).

Named after a pair of Supreme Court cases,[1] the *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012). The rule "follows naturally from the jurisdictional boundaries that Congress has set for the federal courts." *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021). "First, federal district courts are courts of original jurisdiction," which "generally cannot hear appeals, [a]nd second, only the Supreme Court can 'reverse or modify' state court judgments." *Id.* (citing 28 U.S.C. § 1257(a)). Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

The *Rooker-Feldman* doctrine "applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Feldman*, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (cleaned up). Importantly, the doctrine "does not cease to operate simply because the plaintiff requests

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

something other than the vacatur of a state decision." *Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024).

In applying the *Rooker-Feldman* doctrine, a district court should follow a claim-by-claim approach. *Behr*, 8 F.4th at 1213. "The question isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.* With this standard in mind, the Court will address each count of the SAC in turn.

**A. Count I—Procedural Due Process under 42 U.S.C. § 1983**

Count I alleges a violation of 42 U.S.C. § 1983, which provides a remedy against "every person" who, under color of state law, deprives another of rights secured by the Constitution and laws of the United States. To state a § 1983 claim, a plaintiff must allege facts that show (1) a violation of a constitutional right, (2) committed by a person acting under color of state law. *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Here, Count I alleges a violation of the Due Process Clause of the Fourteenth Amendment, which provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

In support of this claim, the SAC alleges that Defendant deprived Plaintiff of due process and notice by serving court filings upon him by electronic means without his consent. (DE 31 ¶¶ 21–24). These court filings, in turn, led to the entry of a state court judgment against Plaintiff related to unpaid legal fees. (DE 31 ¶¶ 21–24). As relief for this alleged violation, the SAC requests a declaration that enforcement of the judgment violates due process (DE 31 at 18 ¶ A) and an injunction preventing further enforcement of the judgment until Plaintiff receives

constitutionally adequate notice and a meaningful opportunity to be heard on the alleged notice defect (DE 31 at 18-19).

Setting aside other problems with Count I, the Court finds that the *Rooker–Feldman* doctrine prohibits this Court from exercising subject matter jurisdiction over this claim. In particular, the Court finds that Count I is inextricably intertwined with the previous state court judgment and that Count I calls upon this Court to review and reject the previous state court judgment. Indeed, Count I asks this Court to reconsider many of the same arguments previously raised and rejected in state court, as reflected in the state trial court's order of May 14, 2026, attached to the SAC. (DE 31-1 at 14-15).

The Court has considered, but rejects, Plaintiff's argument that the SAC raises new claims independent of any request to review the previous state court judgment. (DE 50 at 1–3). The Court acknowledges that *Rooker–Feldman* "does not block claims that require some reconsideration of a decision of a state court if the plaintiff presents some independent claim." *Behr*, 8 F.4th at 1212 (cleaned up). Here, however, Plaintiff brings Count I as a means to prevent enforcement of the state court judgment. (DE 31 at 18–19 ¶¶ A, D). In the Court's view, Count I seeks relief from the judgment itself. *See Zook v. Village of Palm Springs*, No. 11-80025-CIV, 2011 WL 3300179, at *3 (S.D. Fla. Aug. 2, 2011) (finding that *Rooker–Feldman* barred constitutional claims that sought to nullify a state court order enforcing a settlement agreement). For all of these reasons, Count I should be dismissed for lack of subject matter jurisdiction.

**B. Count II—Declaratory Judgment re: Contractual Waivers**

Count II seeks a declaration that the settlement agreement's notice and jury trial waivers are invalid. (DE 31 ¶¶ 34–42). In support, Plaintiff alleges that he negotiated these provisions

with his former law firm without independent legal advice and did not knowingly and voluntarily waive his constitutional rights. (DE 31 ¶¶ 36–39).

The Court again finds that the *Rooker–Feldman* doctrine prohibits this Court from exercising subject matter jurisdiction over Count II. In particular, the Court finds that Count II is inextricably intertwined with the previous state court judgment and that Count II calls upon this Court to review and reject the previous state court judgment. Like Count I, Count II asks this Court to reconsider many of the same arguments previously raised and rejected in state court, as reflected in the state trial court's order of May 14, 2026, attached to the SAC. (DE 31-1 at 14-15). Likewise, Plaintiff seeks the declaration in Count II as a means to prevent enforcement of the state court judgment. (DE 31 ¶¶ 34, 40–42, 49–52). In the Court's view, Count II seeks relief from the judgment itself. As such, Count II should be dismissed for lack of subject matter jurisdiction.

**C. Count III—Right to Trial by Jury Under Florida Constitution**

Count III alleges that the settlement agreement's jury-trial waiver violates Plaintiff's rights under article I, section 22 of the Florida Constitution. (DE 31 ¶¶ 43–48). In support, Plaintiff contends that he lacked independent representation when negotiating this provision and that he did not knowingly and voluntarily waive his right to a jury trial. (DE 31 ¶¶ 43–48). As relief, he seeks a declaration that no valid jury trial waiver exists. (DE 31 at 18 ¶ C).

The Court finds that the *Rooker–Feldman* doctrine prohibits this Court from exercising subject matter jurisdiction over Count III for the same reasons identified in Counts I and II. Namely, the Court finds that Count III is inextricably intertwined with the previous state court judgment and that Count III calls upon this Court to review and reject the previous state court judgment. Once again, Count III asks this Court to reconsider many of the same arguments

previously raised and rejected in state court, as reflected in the state trial court's order of May 14, 2026, attached to the SAC. (DE 31-1 at 14-15). Also, Plaintiff seeks this declaration as a means to prevent enforcement of the state court judgment. (DE 31 ¶¶ 45–52). In the Court's view, Count III therefore seeks relief from the judgment itself. As such, Count III should be dismissed for lack of subject matter jurisdiction.

### D. Remaining Arguments

Defendant raises numerous additional arguments in support of dismissal, including arguments for failure to state a claim upon which relief can be granted. (DE 38 at 7). Once the *Rooker–Feldman* doctrine divests a court of subject matter jurisdiction to consider the merits of a case, "the court is powerless to act and must dismiss the case." *Zook*, 2011 WL 3300179, at *3; *see also Casale*, 558 F.3d at 1259 n.1 (declining to address alternative grounds for dismissal after concluding that *Rooker–Feldman* barred jurisdiction). Given the jurisdictional decision reached here, the undersigned declines to address the remaining arguments and recommends that the District Judge decline to do so as well.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. Defendant's Motion to Dismiss with Prejudice (DE 38) should be **GRANTED** to the extent that Plaintiff's Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2. Given that Plaintiff has had multiple opportunities to amend in the past, he should not be afforded leave to amend.

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**4. IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of October 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE