**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80415-CIV-CANNON/McCabe**

**VLADIMIR V. GIL**,

Plaintiff,

v.

**TOBIN REYES, PLLC**,

Defendant.
_______________________________________/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF NO. 51]**

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction (the "Motion") [ECF No. 38]. The case was referred to Magistrate Judge Ryon M. McCabe for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 40]. On October 7, 2026, Judge McCabe issued a report recommending that Defendant's Motion be granted (the "Report") [ECF No. 51]. Plaintiff filed Objections to the Report [ECF No. 3853].[1] The Court has reviewed the Report [ECF No. 51], Plaintiff's Objections [ECF No. 53], Defendant's Response [ECF No. 54], and the full record. For the reasons set forth below, the Report [ECF No. 51] is **ACCEPTED**; the Motion [ECF No. 38] is **GRANTED**; and Plaintiff's Second Amended Complaint [ECF No. 31] is **DISMISSED WITHOUT PREJDUICE** for lack of subject matter jurisdiction.[2]

[1] Defendant filed a Notice of Non-Objection to the Report [ECF No. 52].

[2] Any dismissal for lack of subject matter jurisdiction is not a judgment on the merits and therefore must be effectuated without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); *Scott v. Frankel*, 606 F. App'x 529, 533 (11th Cir. 2015)

## RELEVANT BACKGROUND

On September 26, 2025, a Florida state court entered judgment against Plaintiff for unpaid legal fees after Defendant invoked a provision of a settlement agreement between the parties that allowed for entry of judgment upon an affidavit of nonpayment [ECF No. 31 ¶ 10; 31-1 p. 3]. Plaintiff contends that, despite the agreement, the enforcement of the judgment entered against him would be constitutionally invalid [ECF No. 31 ¶ 24]. Specifically, Plaintiff asserts that, in pursuing the state court action against him, Defendant served the relevant papers electronically without his consent and, in so doing, deprived him of sufficient notice of the proceedings [ECF No. 31 ¶¶ 11, 21–22]. Plaintiff initiated this action to prevent Defendant from enforcing the allegedly unconstitutionally obtained state court judgment against him [ECF No. 31 pp. 18–19].

In his operative Second Amended Complaint, Plaintiff brings the following three purported claims for relief: (1) Deprivation of Due Process in Violation of 42 U.S.C. § 1983 and the Fourteenth Amendment [ECF No. 31 ¶¶ 19–24]; (2) Declaratory Judgment that the Settlement Agreement's Notice and Jury Trial Waivers are Invalid [ECF No. 31 ¶¶ 25–42]; and (3) Violation of the Right to a Jury Trial Under the Florida Constitution [ECF No. 31 ¶¶ 43–48].

After Plaintiff filed the Second Amended Complaint, Defendant filed a Motion to Dismiss [ECF No. 38]. Following referral, Magistrate Judge McCabe entered a Report and Recommendation recommending that the Second Amended Complaint be dismissed without prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine [ECF No. 51 p. 5]. Defendant's Motion and the Report are ripe for adjudication [ECF Nos. 38, 45, 46, 48, 50–54].

---

(noting that "a *Rooker–Feldman* dismissal is a dismissal for lack of subject matter jurisdiction"). To the extent Defendant requests a dismissal with prejudice, that request is denied as legally incorrect.

**LEGAL STANDARDS**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784.

**DISCUSSION**

The Report recommends that the Court grant Defendant's Motion to Dismiss because the Court lacks subject matter jurisdiction to hear this case under the *Rooker-Feldman* doctrine [ECF No. 51 p. 5]. As the Report correctly explains, each of Plaintiff's three counts in the Second Amended Complaint is an attempt to "prevent enforcement of the state court judgment," which is impermissible under *Rooker-Feldman* [ECF No. 51 p. 8]. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06, (1994) (explaining that, under *Rooker-Feldman* "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). In opposition to the Report, Plaintiff asserts three objections. All fail.

First, Plaintiff objects to the Report's conclusion that *Rooker-Feldman* bars Count I of the SAC [ECF No. 53 pp. 2–9]. According to Plaintiff, the injury alleged in Count I (a violation of constitutional notice requirements) arose from Defendant's allegedly wrongful conduct, namely

its use of electronic service in the state court proceeding without his consent, so it can be resolved by this Court without reviewing or rejecting the state court judgment itself [ECF No. 53 pp. 2–5]. *See Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021) (noting that the relevant inquiry in a *Rooker-Feldman* analysis is "whether resolution of each individual claim requires review and rejection of a state court judgment"). Plaintiff is plainly wrong. Count I asks the Court to declare that enforcement of the state court's September 2025 judgment would be unconstitutional and to enjoin Defendant from enforcing it until Plaintiff receives constitutionally adequate notice and a meaningful opportunity to be heard on the alleged notice defect [ECF No. 31 pp. 18–19]. There is no way for the Court to grant either request without determining that the judgment cannot be constitutionally enforced as entered, or in other words, without conducting a "review and rejection of a state court judgment." *Behr*, 8 F.4th at 1206; *see Efron v. Candelario*, 110 F.4th 1229, 1236 (11th Cir. 2024), *cert. denied*, 145 S. Ct. 1958 (2025) (explaining that "the *Rooker-Feldman* doctrine does not cease to operate simply because the plaintiff requests something other than the vacatur of a state decision").

Similarly, Plaintiff says that Counts II and III survive *Rooker-Feldman* because the notice and jury trial waivers in the settlement agreement predate the state court judgment and therefore permit the Court to declare those wavers invalid for future proceedings without reviewing or rejecting the state court's September 2025 judgment [ECF No. 53 pp. 9–11]. Once again, Plaintiff is incorrect. In Count II, Plaintiff asks the Court to invalidate the very waivers on which Defendant was able to obtain the state court judgment against him [ECF No. 31 p. 18 (asking the Court to declare that the waiver "lack any legal basis")]. Count III is similar and seeks a determination that "no valid waiver of the right to trial by jury exist" under Florida law [ECF No. 31 p. 18]. But as the Report properly determines, giving Plaintiff such a declaration necessarily would require the

Court to reject the waivers underlying the state court judgment, which is nothing short of a rejection of the state court judgment itself [ECF No. 51 pp. 8–10].

Third, Plaintiff objects to the Report's recommendation that the Court deny further leave to amend in this action [ECF No. 53 pp. 11–14]. He says he would revise his prayer for relief to withdraw his request to halt enforcement of the state court judgment, seek nominal damages for the alleged denial of notice, and limit his waiver challenge to future proceedings [ECF No. 53-1]. The Court disagrees that further amendment is warranted. To start, Plaintiff's request to amend comes imbedded within his Objections to the Report, which is procedurally deficient and reason enough to deny further leave to amend. *See Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1298 (11th Cir. 2025) (explaining that "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly"). Moreover, Plaintiff already has been given opportunities to plead his claims in this action [ECF No. 1 (Initial Complaint); ECF No. 12 (Amended Complaint); ECF No. 31 (Second Amended Complaint)]. And, prior to filing his latest Complaint, the Court specifically warned him that he would "have one final opportunity to file a second amended complaint" [ECF No. 29 p. 5]. Justice does not require yet another opportunity to amend in this action. *See* Fed. R. Civ. P. 15.

## CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The well-reasoned Report and Recommendation [ECF No. 51] is **ACCEPTED**.
2. Defendant's Motion to Dismiss [ECF No. 38] is **GRANTED**.
3. Plaintiff's Second Amended Complaint [ECF No. 31] is **DISMISSED WITHOUT PREJUDICE** for a lack of jurisdiction.
4. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 6th day of November 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Plaintiff, *pro se* (via e-mail) [ECF No. 24]